UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHULTZ DISTRIBUTING, INC., a profit corporation,<br><br>Defendant. | No. C07-1375-RAJ<br><br>CONSENT DECREE & JUDGMENT |

This matter came before the court on the parties' joint motion for the entry of a consent decree (Dkt. # 16). The court has reviewed the proposed decree, the joint motion, the record in this matter, and correspondence of record from the United States indicating that it does not oppose the entry of the consent decree. For those reasons, the court GRANTS the motion for entry of a consent decree (Dkt. # 16), enters the parties' consent decree (which shall serve as the judgment of this court) as follows, and directs the clerk to DISMISS this action.

CONSENT DECREE & JUDGMENT - 1

No. C07-1375-RAJ

SCOPE Law Firm, PLLC
PO Box 22091
Seattle, Washington 98122-0091
(206) 420-1590

WHEREAS, Plaintiff Puget Soundkeeper Alliance, on September 5, 2007, filed a Complaint against Defendant Shultz Distributing, Inc., alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater associated with industrial activities from Defendant's industrial facility located in Seattle in King County, Washington, seeking declaratory and injunctive relief, civil penalties, attorneys fees, and costs; and

WHEREAS, Defendant denies Plaintiff's claims and liability for many of the alleged violations; and

WHEREAS, counsel for the parties to this action have engaged in discussions relating to the potential settlement of this litigation, including participation in a formal mediation process under Local Rule 39.1; and

WHEREAS, Defendant has agreed to implement measures to ensure its compliance with the Clean Water Act at its facility, as described further below; and

WHEREAS, Plaintiff and Defendant agree that compromise and settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving this action; and

WHEREAS, Defendant has provided detailed documentation of its financial condition and demonstrated to Plaintiff's satisfaction that it is not able to make a greater payment in lieu of civil penalties, or one in closer proportion to the number of violations alleged, without jeopardizing its ability to remain in business; and

WHEREAS, Plaintiff and Defendant, by their authorized counsel and without trial or final adjudication of any issue of law or fact respecting Plaintiff's claims and allegations, consent to the entry of this Decree in order to avoid the risks of litigation and to resolve the controversy

CONSENT DECREE & JUDGMENT - 2

No. C07-1375-RAJ

SCOPE Law Firm, PLLC
PO Box 22091
Seattle, Washington 98122-0091
(206) 420-1590

between them;

NOW THEREFORE, without trial of any issue of fact or law, and without admission by the Defendant of the facts or violations alleged in the Complaint, and upon consent of the parties, and upon consideration of the mutual promises herein contained, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the parties and subject matter of this action;

2. The undersigned representative for each party certifies that he/she is fully authorized by the party he represents to enter into the terms and conditions of this Decree and to legally bind the party and the successors in interest to it by signing this Consent Decree.

3. This Decree shall apply to and be binding upon the parties, and upon the successors and assigns of the parties.

4. This Decree shall apply to Defendant's operation of its bulk oil storage and distribution facility located at 6851 East Marginal Way South in Seattle, Washington.

5. This Decree constitutes a full and complete settlement of the claims alleged in the Complaint in this case and all other claims known and unknown existing as of the date of the parties' execution of this Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from the operation of the facility identified in paragraph 4 of this Decree.

6. This Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint, or an admission of any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint.

7. In full and complete satisfaction of the claims covered by the Complaint filed in this case and all other claims covered by this Decree, as described in Paragraph 5, Defendant

CONSENT DECREE & JUDGMENT - 3

SCOPE Law Firm, PLLC
PO Box 22091
Seattle, Washington 98122-0091
(206) 420-1590

No. C07-1375-RAJ

agrees to abide by and be subject to the following terms and conditions:

a. During the effectiveness of this Consent Decree, Defendant shall comply with all conditions of its NPDES Permit No. S03-002346D, or any modified or reissued permit applicable to Defendant's industrial facility. This compliance commitment includes full compliance with the Permit's inspection, evaluation, discharge monitoring, reporting, and record-keeping requirements, as well as the full implementation of a facility SWPPP including all necessary Best Management Practices (BMPs).

b. For two years following the entry of this Decree, Defendant shall send to Plaintiff copies of all quarterly DMRs, SWPPP revisions or updates, and any necessary Level One, Two, and Three Reports required by the Permit, within thirty (30) days of providing said documents to the Washington Department of Ecology.

c. No later than thirty days after the date this Decree is entered by the Court, Defendant shall update its facility Stormwater Pollution Prevention Plan (SWPPP) with the assistance of a qualified environmental consultant.

d. No later than thirty days after the date this Decree is entered by the Court, Defendant shall implement the improvements to its stormwater best management practices (BMPs) recommended by its environmental consultant.

e. Not later than ten days after the date of entry of this Decree, Defendant shall contribute five thousand dollars ($5,000.00) to the independent and mutually agreeable third party environmental organization identified below. Such contribution shall be used to fund the identified environmental mitigation project related to water quality improvement in the Duwamish River basin or in Puget Sound, as further described in Exhibit 1 to this Decree:

CONSENT DECREE & JUDGMENT - 4

No. C07-1375-RAJ

SCOPE Law Firm, PLLC
PO Box 22091
Seattle, Washington 98122-0091
(206) 420-1590

- $5,000 to the Environmental Coalition of South Seattle (ECOSS) to fund the Lower Green/Duwamish Stormwater Initiative.

Such contribution shall be evidenced and confirmed in writing, with a copy mailed to Plaintiff.

    f.    For two years following the date of entry of this Consent Decree, in the event of any future noncompliance with the sampling, monitoring, timely reporting, and/or action level response requirements of NPDES Permit No. S03-002346D, Condition S4 (or the respective requirements of any modified or reissued permit applicable to Defendant's industrial facility), Defendant agrees to make stipulated payments in lieu of civil penalties in the amount of one thousand dollars ($1,000.00) per violation to the project sponsor identified in paragraph 7(e) above, or to a mutually agreeable third party environmental organization.  Any such payment(s) shall be used to fund an environmental mitigation project related to water quality improvement in the Duwamish River basin or in Puget Sound.

    g.    Defendant shall pay Plaintiff's reasonable litigation costs in the total amount of twenty-five thousand dollars ($25,000.00) by checks payable and mailed to SCOPE Law Firm, PLLC, PO Box 22091, Seattle, WA  98122-0091, attn: Richard A. Poulin, in full and complete satisfaction of any claims Plaintiff may have under the Clean Water Act for attorney fees, expert fees, and costs.  Said payments shall be made by Defendant in three installment payments as follows:  one installment payment of five thousand dollars ($5,000.00) to be paid not later than ten days following the entry of this Decree; one installment payment of ten thousand dollars ($10,000) to be paid not later than 100 days following the entry of this Decree; and one final payment of ten thousand dollars ($10,000.00) to be paid not later than 190 days following the entry of this Decree.

CONSENT DECREE & JUDGMENT - 5

No. C07-1375-RAJ

8. The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to this Decree to apply to the Court for any further Order that may be necessary to construe, carry out, enforce compliance with and/or resolve any dispute regarding the terms or conditions of this Decree. In the event of any dispute regarding implementation of or compliance with the Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties. Any party may initiate dispute resolution by serving written notice of a request for dispute resolution. If no resolution is reached within fourteen (14) days from the date that notice of the dispute is served, the parties may resolve the dispute by filing motions with the Court. In the event a motion is made in this Court to enforce the terms of this Decree, the prevailing party shall be entitled to its reasonable costs of litigation related to enforcement of the decree, including reasonable attorney and expert witness fees, so long as an award of such costs of litigation does not result in manifest injustice. Plaintiff and Defendant reserve all legal and equitable remedies available to enforce the provisions of this Consent Decree and all applicable law in the future.

9. The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. § 1365(c)(3). Therefore, upon the signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administration of the U.S. EPA and the Attorney General.

CONSENT DECREE & JUDGMENT - 6

No. C07-1375-RAJ

SCOPE Law Firm, PLLC
PO Box 22091
Seattle, Washington 98122-0091
(206) 420-1590

10. This Consent Decree shall take effect on the date it is entered by the Court. This Consent Decree shall terminate two years after its entry by the Court, or upon completion of all obligations under it, whichever is later.

11. The following individuals shall be responsible for and shall be the contact for all communications and notices regarding this Consent Decree:

For plaintiff, Puget Soundkeeper Alliance:

Sue Joerger
Puget Soundkeeper Alliance
5309 Shilshole Avenue NW, Suite 215
Seattle, WA  98107
(206) 297-7002
(206) 297-0409 - fax

For defendant, Shultz Distributing, Inc.:

Mr. Harold B. Tiffany
Shultz Distributing, Inc.
6851 E Marginal Way S
Seattle, WA  98108-3408
(206) 682-8427

12. This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

13. If for any reason the Court should decline to approve this Decree in the form presented, this Decree and the settlement embodied herein shall be voidable at the sole discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Decree.

14. This Agreement may be executed in multiple counterparts, and each executed counterpart shall have the same force and effect as the original instrument and as if each party to

CONSENT DECREE & JUDGMENT - 7

No. C07-1375-RAJ

the counterparts had signed the same instrument.  Electronic and/or facsimile signatures shall be sufficient to demonstrate a party's assent to this Agreement.

Dated and entered this 28th day of October, 2008

_____
The Honorable Richard A. Jones
United States District Judge

PUGET SOUNDKEEPER ALLIANCE

Signature:     s/ Sue Joerger_____

Title:            Executive Director_____

Dated:          8/23/08_____

SHULTZ DISTRIBUTING, INC.

Signature:     s/ Hal Tiffany_____

Title:            President_____

Dated:          8/11/08_____

CONSENT DECREE & JUDGMENT - 8

No. C07-1375-RAJ

SCOPE Law Firm, PLLC
PO Box 22091
Seattle, Washington 98122-0091
(206) 420-1590