HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br><br>    Plaintiff,<br><br>    v.<br><br>SHULTZ DISTRIBUTING, INC.,<br><br>    Defendant. | CASE NO. C07-1375RAJ<br><br>ORDER |

## I. INTRODUCTION

For the second time, Plaintiff Puget Soundkeeper Alliance (the "Alliance") seeks relief arising out of violations by Defendant Shultz Distributing, Inc. ("Shultz") of the October 2008 consent decree that terminated this litigation. The first time, the court denied the Alliance's motion to enforce the consent decree. Dkt. # 28 (Jan. 4, 2013 order). Now, the Alliance seeks relief in the form of a motion for an order to show cause why Shultz should not be held in contempt for failing to comply with the consent decree. For the reasons stated below, the court DENIES the motion. Dkt. # 30.

## II. BACKGROUND & ANALYSIS

The parties resolved this Clean Water Act suit with a consent decree and judgment. Among other things, the consent decree required Shultz to comply with a National Pollutant Discharge Elimination System ("NPDES") permit, required it to employ a qualified consultant to update its stormwater discharge plan, required it to send

ORDER – 1

updates to the Alliance, and required it to make payments to a third party if it violated certain portions of the consent decree in the future.

Shultz probably violated the consent decree in many ways. The Alliance submitted evidence of those violations in its previous motion (filed in June 2012). Shultz apparently never updated its stormwater plan. According to the Alliance, discharges from a Shultz facility exceeded allowable zinc levels at various times from 2010 to 2012, in violation of applicable permits. The Alliance contends that Shultz has not completed the corrective actions that those permit violations require. Other than a February 2013 contact with the Washington Department of Ecology to determine if Shultz had taken the required corrective action, the motion before the court presents no evidence of Shultz's activity that is less than a year old. The court has no idea if Shultz continues to violate the consent decree. The court has no idea if the Alliance has made any effort, since the January 2013 order, to communicate directly with Shultz to see if it can reach agreement on compliance. As the court noted in January 2013, the meager evidence of Shultz's position suggested that Shultz was unable to pay for the costs of compliance. If that is the case, the court assumes that the Alliance would tailor its enforcement efforts accordingly.

When the Alliance asked the court in mid-2012 to compel compliance with the consent decree, the court declined to do so because the Alliance requested no relief that was likely to impact this action. If the consent decree itself, which is an order of this court mandating compliance, was insufficient to compel Shultz to comply with it, the court found that a second order mandating compliance would likely have no impact.

In its current motion, the Alliance again requests relief that is by its terms ineffectual. In a two-page motion, it asks the court to order Shultz to appear before it and show cause why it should not be held in contempt for violating the consent decree. The Alliance knows that Shultz cannot appear before the court. Shultz's counsel withdrew at

ORDER – 2

the same time the court entered its January 2013 order, and no new counsel has appeared. As the court noted in that order, a corporation cannot appear in federal court without counsel. *See* Local Rules W.D. Wash. LCR 83.2(b)(3); *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). The Alliance does not explain why it is demanding the appearance of an entity that cannot appear.

A party need not appear in court to be held in contempt, but the motion before the court an inadequate basis for a contempt finding. The Alliance requests contempt sanctions that include a daily fine to compel compliance with the consent decree, an apparently separate fine payable to the Alliance, and an award of attorney fees and costs. Fines, even if Shultz is unable to pay them, are a form of meaningful legal relief. The Alliance's motion, however, does not cite any legal authority, much less legal authority that describes the burden it bears in proving Shultz to be in contempt. Even if Shultz could appear in response to the Alliance's order to show cause, the court would not require it to appear in response to a motion bereft of citation to legal authority. If Shultz wants contempt sanctions, it must file a motion that addresses the legal standards applicable to a civil contempt filing, distinguishes between Shultz's past violations of the decree and its current violations (if any), and proposes sanctions that are tailored to those past and future violations.

This case places both the parties and the court in a difficult position. Assuming that the consent decree retains some vitality (the Alliance does not address that many, terms of the decree have expired), the Alliance may enforce it. No one should read this order or any previous order to suggest that Shultz can avoid the consent decree merely by declaring itself unable to pay for compliance or counsel. Obtaining payment or compliance from a party in Shultz's position is a challenge, but not an insurmountable

ORDER – 3

one.  There are methods of enforcing compliance with the consent decree, regardless of Shultz's status as an unrepresented party or its inability to pay.  So far, the Alliance has not chosen one of those methods.

If the Alliance seeks additional relief from the court, it must at a minimum demonstrate that the relief it requests will actually lead to either compliance with the consent decree or some other form of meaningful relief.  It shall also cite relevant legal authority.  It shall acknowledge that Shultz is unlikely to be able to defend itself.  It shall address whether some or all portions of the consent decree have expired.  It shall address whether it seeks sanctions merely for past violations of the consent decree or for ongoing violations as well.

The court also suggests that the Alliance meet with representatives from Shultz.  So far as the record reveals, the Alliance has not had meaningful communication with Shultz for years.

### III.  CONCLUSION

For the reasons stated above, the court DENIES the Alliance's motion for an order to show cause why Shultz should not be held in contempt.  Dkt. # 30.

DATED this 10th day of January, 2014.

_____
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 4